**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-4661

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BILLY WAYNE PAGE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:03-cr-10069-JPJ-1)

Submitted:  March 17, 2020                      Decided:  March 24, 2020

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Andrew Harding, CONVY & HARDING, PLC, Harrisonburg, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Wayne Page appeals the 21-month sentence the district court imposed after it revoked his supervised release. Page contends that his sentence is procedurally unreasonable because the district court did not address his argument that he would not have been on supervised release at the time of his violation had he not been sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2018). Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). We generally employ the same procedural and substantive considerations that guide our review of original sentences. *Slappy*, 872 F.3d at 207.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2018)] factors." *Id.*; *see* 18 U.S.C. § 3583(e) (2018). "[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the

2

revocation sentence imposed." *Slappy*, 872 F.3d at 208. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (brackets and internal quotation marks omitted). "[W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Slappy*, 872 F.3d at 209.

The Government is correct that Page never raised the argument that he claims the district court did not address. Rather than arguing that he should not have been on supervised release at the time of his violation, Page argued that the court should consider the fact that he was sentenced under the ACCA when he was no longer an armed career criminal after *Johnson*.[*] The district court addressed this argument but found that it failed when measured against the breach of trust evidenced by this being Page's fourth violation of supervised release. The record shows that the court conducted a thorough hearing in which it was familiar with the facts and parties' arguments. We discern no procedural error.

---

[*] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Therefore, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*